IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE WILLIAM MONTGOMERY, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>Respondent. ) | No. 3:15-CV-268-M |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

### I.   Background

Petitioner is an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of the TDCJ-CID.

On February 14, 2011, Petitioner pled guilty to aggravated assault of a public servant in Cause No. F09-44557 in the 195th Judicial District Court of Dallas County, Texas. He was sentenced to 15 years in prison. He did not file a direct appeal.

Petitioner has filed a number of federal § 2254 petitions challenging this conviction. His first petition was dismissed without prejudice for failure to exhaust state court remedies. *Montgomery v. Thaler*, No. 3:11-CV-1193-L (N.D. Tex. Aug. 26, 2011). His second § 2254 petition was

dismissed without prejudice because he failed to file the petition on the proper form despite being ordered to do so. *Montgomery v. Thaler*, No. 4:12-CV-405-A (N.D. Tex. July 24, 2012). On September 13, 2012, Petitioner filed a third § 2254 petition, which was dismissed with prejudice as both barred by the statute of limitations and for lack of prosecution. *Montgomery v. Thaler*, No. 3:12-CV-3729-B (N.D. Tex. Apr. 8, 2013).[1]

On January 23, 2015, Petitioner filed the instant petition in which he again challenges his 2011 aggravated assault of a public servant conviction.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

---

[1] On March 29, 2013, Petitioner filed a § 2254 petition that was dismissed without prejudice for failure to file a legible petition despite several opportunities to do so. *Montgomery v. Stephens*, No. 3:13-CV-1335-O (N.D. Tex. Aug. 6, 2013). On September 16, 2013, Petitioner filed another § 2254 which was dismissed without prejudice for failure to prosecute or comply with court orders. *Montgomery v. Stephens*, No. 3:13-CV-3805-G (N.D. Tex. Sept. 16, 2013).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed as successive.

Signed this 14 day of April, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).